9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
ENTERED

MAR 2 8 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| LARRY D. MIELL, | § | |
| | § | |
| Plaintiff - Appellant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-97-251 |
| | § | |
| GREYHOUND LINES, INC. ET AL., | § | |
| | § | |
| Defendants - Appellees. | § | |

## MEMORANDUM AND ORDER

BE IT REMEMBERED that on March 24, 2000, the Court considered Appellant LARRY D. MIELL's appeal from the Bankruptcy Court's Order denying motion of Larry D. Miell for relief from the confirmation injunction to pursue his claim against Greyhound Lines, Inc. in another forum.

### I.    Standard of review.

In reviewing a bankruptcy court decision, a district court functions as an appellate court and applies the standards of review generally applied in federal courts of appeal.  *See In re Webb*, 954 F.2d 1102, 1103-04 (5th Cir.1992).  This court will not set aside a bankruptcy court's findings of fact unless they are clearly erroneous.  FED. R. BANKR. P. 8013; *In re McDaniel*, 70 F.3d 841, 842-43 (5th Cir.1995).  A finding of fact is clearly erroneous if, after review of all the evidence, the court is left with a firm and definite conviction that the bankruptcy court erred.  *See In re McDaniel*, 70 F.3d at 843.  This court reviews legal conclusions de novo.  *See id.*; *In re Herby's Foods, Inc.*, 2 F.3d 128, 130 (5th Cir.1993).

1

ClibPDF - www.fastio.com

## II.    Summary of facts.[1]

On June 4, 1990, Greyhound ("Appellee") and certain affiliates filed voluntary petitions for relief under Chapter 11, Title 11 United States Code.  On November 1, 1990, other affiliates of Greyhound filed voluntary petitions under the same statutory provisions.  The deadline for filing a proof of claim in the Chapter 11 cases was November 19, 1990.

On October 10, 1991, the Bankruptcy Court signed an order ("Confirmation Order") confirming the Third Amended Reorganization (the "Plan").  The Plan became effective on October 31, 1991.  With certain exceptions not relevant to this case, the Plan provided that all pre-petition executory contracts not expressly assumed were deemed rejected upon confirmation of the Plan.  Any claim arising from rejection of any executory contract was barred unless evidenced by a proof of claim filed within thirty days after entry of the Confirmation Order.  As amended, the Plan implemented the discharge and enjoined creditors from taking action against the debtors on a claim subject to the Chapter 11 cases except as provided in the Plan.

In March of 1994, Larry D. Miell ("Appellant") filed a civil lawsuit ("First Complaint") on behalf of himself and others similarly situated.  Appellant failed to request or obtain leave of the Bankruptcy Court.  Thus Appellant was in violation of the Confirmation Order, the Plan, and specifically the injunction.

In the First Complaint , Appellant alleged damages for breach of contract, misrepresentation, and promissory estoppel.  The basis of the First Complaint was that on May 15, 1990, Greyhound unilaterally changed from a mileage pay basis to an hourly wage system effective September 1990.  The payment system was announced to Greyhound employees and made effective more than a year before the Plan was confirmed.  Neither Appellant nor any class members have filed a proof of claim or sought leave to file a late proof of claim as required by the Plan.

Greyhound sought relief from the Bankruptcy Court by filing a motion for order enforcing the plan and the confirmation order ("First Motion to Enforce").  Appellant subsequently agreed to voluntarily dismiss the First Complaint.

---

[1]    Much of the following summary of facts is taken from Appellees' opening brief.  The Court, however, has reviewed and assured that the summary of facts conforms with the record on appeal.

2

Approximately a year later, Appellant commenced a second civil lawsuit ("Second Complaint" or "Second Action"). Appellant re-filed the class action in a Minnesota State Court. The Second Complaint was substantially similar to the First Complaint. The main differences were that 1) the purported class was limited to drivers employed by Greyhound after the confirmation date and 2) the misrepresentation claim was replaced by a statutory claim.

Greyhound filed a second motion for order enforcing the plan and confirmation order ("Second Motion to Enforce"). Greyhound argued that the Second Complaint violated the Confirmation Order in exactly the same way that the First Complaint had. After a hearing, the Bankruptcy Court entered an order granting Greyhound's Second Motion to Enforce Second Action ("Enforcement Order"). The Bankruptcy Court held that the commencement and continuation of the Second Action violated the confirmation injunction and ordered the Appellant not to proceed with the Second Action except to dismiss it.

In the Enforcement Order, the Bankruptcy Court held that Appellant's claims, if any, arose either pre-petition or, at a minimum, pre-confirmation. Appellant failed either to file a timely proof of claim or to assert a timely administrative expense claim in accordance with the Plan. Therefore, the Bankruptcy Court held that Appellant's claim was not properly asserted, was enjoined, and was discharged. Appellant failed to file a timely appeal from the Enforcement Order. Rather, counsel for Appellant filed, in the form of an affidavit, a request to extend the time to appeal the Enforcement Order. Appellant's counsel requested the extension on the basis of excusable neglect under Bankruptcy Rule 8002 (e).

Greyhound filed its Response claiming that Appellant failed to demonstrate excusable neglect sufficient to grant an extension. The Bankruptcy Court, after holding a hearing, entered an order denying Appellant's request. Therefore, the Enforcement Order is a final order.

On February 28, 1997, Appellant filed an Application/Motion for Relief From the Confirmation Injunction to Pursue His Claim in Another Forum ("Motion for Relief"). The sole ground for the Motion for Relief was that Appellant could not afford the cost of litigating his claims in any foreign forum, including the Bankruptcy Court of the Southern District of Texas. On August 18, 1997, after having had a hearing, the Bankruptcy

Court entered an order denying relief ("Order Denying Relief").  The Bankruptcy Court noted that the Motion for Relief demonstrated a continuing effort to avoid the terms of the confirmed plan and the orders of the Court.  Furthermore, the Court remarked that the Appellant's actions are simply collateral attacks on the Confirmation Order.

Appellant filed his notice of appeal in a timely manner initiating the instant appeal.  Appellant then late filed his designation of items to be included in the record on appeal.  Greyhound timely filed its counter-designations.  Appellant failed to timely file his opening brief and this Court ordered the parties to file their opening briefs simultaneously.

## III.    Arguments.

Appellant, in his brief on appeal, lists the issues presented as follows: 1) does the district court have diversity jurisdiction; 2) are the proceedings "related proceedings" requiring mandatory remand; 3) is discretionary abstention warranted here; and 4) does equity require remand to the State Court.  The issues presented fall somewhat far astray from the narrow issues addressed in the order from which Appellant appealed, *i.e.*, whether the Appellant could afford to litigate in a foreign forum and whether Appellant would be allowed to pursue his claims in another forum.  Rather than limiting his arguments to the issues in the Order Denying Relief, Appellant raises issues of subject matter jurisdiction. These issues necessarily relate to the Enforcement Order which Appellant failed to appeal.

Essentially, Appellant argues that his claims are non-core proceedings and are not proceedings related to a case under Title 11.  Appellant attacks the Bankruptcy Court's findings and states that "Miell's claims arose and arise post-confirmation rather than post-petition and therefore fall outside the core proceeding definition." (Appellant's Brief on Appeal, p.16).

Next, Appellant argues that the Court must remand this case to the Minnesota State Court because the claims are  "a related proceeding" and Miell's claims are entirely based on state law.  *See* 28 U.S.C. §1334(c)(2).  Third, Appellant urges the Court to remand to the state Court on equitable grounds.  *See* 28 U.S.C. §1452(b). Lastly, Appellant asks the Court to abstain from hearing this case and remand based on discretionary abstention allowed under 28 U.S.C. §1334(c)(1).

4

Appellee on the otherhand argues this case is not before the Court on removal from a state court. Appellee filed its Second Motion to Enforce in the Bankruptcy Court of the Southern District. This appeal is from a ruling made in connection with the proper application of the Bankruptcy Court's jurisdiction. Moreover, Appellee argues that Appellant cannot now challenge the merits of the Bankruptcy Court's Enforcement Order. Appellant having failed to appeal that order, it is now *res judicata*. In response to Appellant's arguments for abstention, Appellee protests that Appellant never raised these issues until this appeal and, therefore, those issues are not properly before the Court.

## IV.    Discussion.

Reviewing the record on appeal, the briefs, and the applicable case law, the Court finds that Appellant has not raised an issue regarding the Bankruptcy Court's jurisdiction to enforce the Plan and the injunction included in the Plan. Furthermore, the Bankruptcy Court did not err in its Order Denying Relief. For the reasons that follow, the Order Denying Relief is AFFIRMED.

## A.    Subject matter jurisdiction.

Although not properly on appeal before this Court, The Court notes in passing that the Bankruptcy Court had jurisdiction to enforce its injunction against Appellant Miell. The Second Motion to Enforce was properly before the Bankruptcy Court. A proceeding to enforce a Bankruptcy Court's own order is a core proceeding. *See In re Texaco, Inc.*, 182 B.R. 937, 944 (Bankr. S.D.N.Y. 1995); *see also* 28 U.S.C. §157(b)(1)-(2). The Court agrees with the Bankruptcy Court that Appellant's claim falls into the category of claims discharged by sections 524 and 1141 of Title 11 of the United States Code. Appellant's "employment contract" was executory and entered into pre-petition. The alleged breach, even if occurring after the Confirmation Order, is a pre-petition claim. This is true even in the employment context. *See, e.g., May v. Charles Booher & Assocs.(In re May)*, 141, B.R. 940, 944 (Bankr. S.D. Ohio 1992); *In re Peltz*, 55 B.R. 336, 338 (Bankr. M.D. Fla. 1985). Therefore, Appellant should have made a claim in the Bankruptcy Court or filed leave to file a claim after the deadline.

Moreover, in light of Appellant's insistence that this appeal is based on lack of jurisdiction, the Court holds that the Bankruptcy Court had jurisdiction to hear the Motion for Relief and enter the Order Denying Relief, *i.e.*, the order from which

5

Appellant brings this appeal.  By affirmatively pursuing relief from the injunction in its Motion for Relief, Appellant invoked the Bankruptcy Court's jurisdiction and thereby consented to that Court's jurisdiction.  *See Horowitz v. Alloy Automotive Co.*, 992 F.2d 100, 103 (7th Cir. 1993).

Appellant's arguments based on abstention and equity are simply extraneous. Appellant failed to raise them in the Bankruptcy Court.  Furthermore, these arguments are more properly argued before the Federal District Court in Minnesota.

**B.     The Bankruptcy Court's Order Denying Relief.**

In his Motion for Relief, Appellant seized upon language in the Enforcement Order stating that Appellant could seek relief from the injunction.  The Bankruptcy Court outlined two alternatives:  1) Appellant could seek leave to file an untimely claim or application for an administrative expense or 2) Appellant could seek leave to pursue his claim in another forum.  Rather than seek leave to file an untimely claim, Appellant urged the Bankruptcy Court to grant him leave to file in another forum.  The basis for the requested leave was that Appellant does not have the resources to prosecute his claim in the hinterlands of the Southern District of Texas.  The Bankruptcy Court denied the relief sought, noting that it had allowed Appellant and his counsel to appear via telephone thereby reducing the costs of litigation.  On appeal, Appellant has not offered any compelling basis or legal authority for granting relief.  The Order Denying Relief is, therefore, AFFIRMED.

**V.     Conclusion.**

The Bankruptcy Court having had jurisdiction to hear the motion and enter its order, the Order Denying Relief is AFFIRMED.

DONE at Brownsville, Texas, this _____ day of March 2000.


Hilda G. Tagle
United States District Judge

6